(55 App. Div. 351.)

### SCHOENEMAN et al. v CHAMBERLIN.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

1. JUDGMENT—SALES—FRAUD—REPLEVIN.
    A judgment obtained in an action for the price of a portion of goods sold is not a bar to a recovery in replevin, previously brought, and then pending, to recover another portion of the same goods from the assignee of the buyer, for the fraud of the latter, though the goods were delivered at the same time, and pursuant to the same contract.

2. SAME.
    In replevin against the assignee of the buyer to recover a portion of goods sold as fraudulently obtained by the buyer, a judgment taken in another action by plaintiff against the buyer for the price of another portion of the same goods is not admissible to prove that the buyer did not obtain the goods by fraud, the findings on which the judgment was entered being substantially admitted by defendant in the replevin suit.

3. SAME—ELECTION OF REMEDIES.
    A judgment obtained in an action for the price of a portion of goods sold is not admissible in an action previously commenced to recover another portion of the same goods as fraudulently obtained to prove an election of remedies by plaintiff, the election by bringing the first suit to recover for the fraud being the one which is controlling.

4. SAME—VALUE OF PROPERTY TAKEN.
    The judgment was not admissible on the question of the value of the property taken. The jury having found plaintiff entitled to its possession, it was immaterial how much it was worth.

5. SALES—INSTRUCTIONS.
    A charge that if a buyer assumed that statements made by him were true, and made them with a view to induce the seller to believe them to be true, and they were not true, then the buyer is equally chargeable with the deceit or the influence they had on the minds of the seller in inducing the sale, as though he had known that they were untrue, is not erroneous, where the statements referred to were representations that a material fact was true to the knowledge of the buyer making them, as distinguished from his belief or opinion, and the evidence tended to show that they were relied on by the seller, and that they were false.

Appeal from trial term, Cattaraugus county.

Replevin by Joseph Schoeneman and others against Willis A. Chamberlin. From a judgment in plaintiffs' favor, defendant appeals. Affirmed.

This is an action of replevin commenced on the 8th day of January, 1896, to recover possession of certain goods and chattels of the alleged value of $900, which were in the possession of the defendant, and which, it is alleged, he wrongfully retained, and refused to deliver to the plaintiffs after demand

duly made. Thereupon the plaintiffs took said property from the defendant by process in replevin, and have ever since retained possession of the same. The answer of the defendant denied that the plaintiffs were the owners of the property in question at the time of the commencement of the action, or entitled to the possession of the same, and alleged, in substance, that the goods were purchased from the plaintiffs prior to December 26, 1895, in the regular course of business, by James F. McLowry and Helen E. Baxter, who were co-partners under the firm name of McLowry & Co., and engaged in the business of retailing ready-made clothing and gents' furnishing goods in the city of Olean, N. Y. It was also alleged that, at the time of the purchase of the goods in question, merchandise to the value of $2,478.38 was purchased from the plaintiffs, and of which the goods in question formed a part; that on the 26th day of December, 1895, the firm of McLowry & Co. made a general assignment for the benefit of their creditors to the defendant, who duly qualified, and took possession of all the property of McLowry & Co.; that of the goods so sold by the plaintiffs to McLowry & Co. the defendant, as assignee, only obtained the goods which are the subject of this action, the balance having been disposed of by McLowry & Co. prior to such assignment. On the 17th day of September, 1897, the plaintiffs commenced an action in the supreme court against McLowry & Co., alleging that in the month of October, 1895, the plaintiffs sold and delivered to the defendants, upon their order and request, and for their use and benefit, goods, wares, and merchandise of the agreed price and value, and for which defendant undertook and agreed to pay the sum of $2,478.38. The complaint in that action further alleged the taking of the goods replevied in this action, amounting to the sum of $1,377.62, the price at which the goods were sold to McLowry & Co., and that the balance, amounting to $1,100.70, was due and unpaid from McLowry & Co. to the plaintiffs. Judgment was demanded for that amount as for goods sold and delivered. McLowry & Co. appeared in said action, and interposed a general denial, and thereafter the issues joined therein came on for trial, and, no one appearing on behalf of the defendants therein, judgment was duly rendered in favor of the plaintiffs as demanded in the complaint. Such action was commenced and prosecuted to judgment after the commencement of the action at bar, and after issue had been joined herein. Thereafter, and on the 8th day of April, 1898, the defendant in this action, by permission granted by order of the court at special term, served a supplemental answer, in which he set up and pleaded, in addition to the defenses set up in his original answer, the judgment above referred to recovered against McLowry & Co., claiming, in substance, that the plaintiffs, having brought an action upon contract to recover the purchase price of a portion of the goods, of which the goods in controversy in this action were a part, were not entitled to maintain this action in replevin to recover possession of any part of the property delivered to McLowry & Co. under said original contract of sale, although commenced prior to the action brought upon contract. Upon the trial of this action the judgment roll in the action brought by the plaintiffs against McLowry & Co. was offered in evidence by defendants' counsel, marked for identification, and excluded by the court, but printed in the record, and to its exclusion the defendants duly excepted. The issues thus framed in this action came on for trial before the court and a jury. The court held, as matter of law, that the recovery by the plaintiffs of the judgment against McLowry & Co. was not a bar to a recovery in this action, and that the judgment roll in that action, which was offered in evidence by the defendant, was not competent for any purpose, and excluded the same. The jury found upon the facts that McLowry and Baxter, defendant's assignors, obtained the goods in question fraudulently, by means of false and fraudulent representations, and under such circumstances that no title or interest to or in the property passed to them; that the defendant acquired no interest therein by virtue of the assignment and delivery of the property to him by McLowry and Baxter; and that the plaintiffs were entitled to the possession of the goods described in the complaint. Upon such verdict the judgment appealed from was entered.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

M. B. Jewell, for appellant.
A. J. Hastings, for respondents.

McLENNAN, J. No motion for a new trial having been made on behalf of the defendant, the verdict of the jury is conclusive as to. all questions of fact, and is not the subject of review.

The first question presented by this appeal is: Is a judgment recovered in an action on contract for the purchase price of a portion of a quantity of goods sold a bar to a recovery in an action in replevin previously brought and then pending, to recover possession of another portion of such quantity of goods, all the goods having been delivered at the same time, under the same conditions, and pursuant to one and the same contract? It is well settled that a vendor cannot affirm the existence of a contract of sale for the purpose of a recovery under it, and subsequently treat the contract as avoided by the fraud of the vendee, provided the act in affirmation was with knowledge of the essential facts constituting the fraud. Droege v. Manufacturing Co., 163 N. Y. 463, 57 N. E. 747. In that case it was held that, where the vendor, with knowledge of the alleged fraudulent acts of the vendee which rendered a contract for the sale of goods void, filed a verified proof of his claim for the purchase price with the assignee of the insolvent vendee, it was such an election by the vendor to ratify the contract of sale as to preclude him from thereafter maintaining an action to rescind the sale upon the ground of fraud. Terry v. Munger, 121 N. Y. 161, 24 N. E. 1099, 8 L. R. A. 216, was an action for the conversion of certain property, and it appeared that the plaintiffs, with full knowledge of the facts, had brought a prior action on contract against two persons on account of the same transaction, to recover the contract price of the property as upon a sale thereof by the plaintiffs, and had recovered judgment therefor. It was held that the bringing of such former action was an election by the plaintiffs to treat the contract as binding, and that they could not maintain an action of conversion. It was also held in that case that the commencement of the action on contract was just as conclusive upon the question of election as was the recovery of the judgment. An election of remedies once made by a vendor against his fraudulent vendee, with full knowledge of his rights, is conclusive and irrevocable, and any other or different means of redress is not open to him. Moller v. Tuska, 87 N. Y. 166. The rule is concisely stated in a headnote in Conrow v. Little, 115 N. Y. 387, 22 N. E. 346, 5 L. R. A. 693, as follows:

"Where a party takes legal steps to enforce a contract, this is a conclusive election not to rescind on account of anything then known to him."

It is equally well settled by authority that where a vendor is induced to part with a quantity of goods by the fraud of a vendee, who afterwards transfers a portion of the goods to a third person, the vendor may maintain replevin against such third party to recover the portion of goods in the possession of such third party, and at the same time may maintain an action against the vendee to recover the damages resulting from his fraud in obtain-

ing the other portion or part of such goods. Powers v. Benedict, 88 N. Y. 605; Shaut v. Schauroth, 46 App. Div. 450, 61 N. Y. Supp. 767. An action in replevin in such case proceeds upon the theory that the alleged contract of sale was void; that the title to the property did not pass to the vendee, or, through him, to the third party, but remained in the vendor; and the foundation of the action against the vendee to recover damages for the fraud in obtaining the balance of the goods is precisely the same. In each case the vendor asserts the invalidity of the alleged contract of sale, and the remedies are not inconsistent. Again, where a party is induced by fraud to enter into a contract for the sale of his goods, and delivers possession thereof to a fraudulent vendee thereunder, the vendor may waive the fraud, and maintain an action upon the contract, and recover judgment for the contract price. But in such case, where the owner thus elects to treat the transaction as a sale, the title to the property passes to the wrongdoer. Terry v. Munger, supra. The rule is concisely stated in a headnote in Mills v. Parkhurst, 126 N. Y. 89, 26 N. E. 1041, 13 L. R. A. 472, as follows:

"The doctrine of election of remedies applies to cases where there is, by law or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of right. In such a case the party, having resorted to one remedy, is bound by his first election, and is barred from the prosecution of the other."

Under the authority of the cases cited we think it clear that, if the plaintiffs in the case at bar had first brought an action on contract against McLowry and Baxter, the defendant's assignors, to recover the contract price of any portion of the goods delivered to them by the plaintiffs, thereby asserting the validity of the contract of sale, it would have constituted an election of remedies on their part, and they could not afterwards have maintained this action, because it proceeds upon the theory that no valid contract existed, and would be inconsistent with the action previously brought. The converse of the proposition is probably true, although we do not so decide, viz. the plaintiffs, having commenced an action of replevin against the assignee of McLowry and Baxter to recover a portion of the goods sold and delivered to them on the ground that the contract of sale was fraudulent and void, were not entitled to maintain an action upon contract against McLowry and Baxter to recover the contract price of the balance of such goods. The doubt as to the correctness of the proposition arises because, as we have seen, replevin may be maintained to recover possession of goods from a third party, obtained by his assignee or transferee by means of a fraudulent contract of sale; and at the same time the vendor may maintain an action in fraud against the vendee to recover the damages resulting from obtaining other goods at the same time and under the same fraudulent contract; and, as we have also seen, a vendor of goods may waive the fraud of his vendee which induced the contract of sale, and bring an action on such contract, and recover judgment for the contract price. Such being the state of the law, we do not discover any good reason why

a vendor of goods, who has brought replevin to regain a portion of them obtained from him by the fraud of his vendee and found in the possession of another, should not be permitted to waive the fraud of the vendee as to the balance of the goods, and maintain an action against him upon the implied contract. Such an action is not inconsistent with the action of replevin. In replevin the vendor asserts the invalidity of the contract of sale, and must prove its invalidity in order to recover. In the other action the vendor still asserts the fraud, but is willing to waive it, and to proceed as upon contract. It would seem that in such an action the defendant ought not to be heard to complain that the action was brought upon contract, rather than in fraud; ought not to be heard to say to the plaintiff in such a case, in effect: "I have your goods. I have not paid for them, but you are not entitled to recover, because you have brought an action against my assignee for a portion of the goods in which you allege that I obtained the goods from you by fraud, and you are therefore compelled to allege and prove that I obtained the balance of the goods also by fraud, in order to succeed." The case of Wile v. Brounstein, 35 Hun, 68, does not sustain the proposition. In that case the plaintiff sold and delivered to the defendant, upon credit, goods of the value of $882.50. Thereafter the plaintiff brought an action to replevy all the goods, alleging that they were obtained by false representations. Of the goods only $380 worth were replevied, and the plaintiff served a notice, as provided in section 1719 of the Code of Civil Procedure, abandoning so much of his claim in the replevin action as related to the goods not replevied. Thereafter, and during the pendency of the replevin action, the plaintiff brought an action against the vendee to recover the value of the goods not replevied, alleging all the facts. It was held that the action could not be maintained, but stress is laid upon the fact that both actions were brought against the same party, that there was no reason for splitting the demand, and also upon the fact that under the section of the Code the plaintiff in the replevin action might have recovered the possession of the chattels found, and also damages for the conversion of those not found. Attention is also called to the fact in that case that in the action of replevin claim was made to the entire quantity of goods sold, while in the case at bar the actions were against different parties; one for a distinct portion of the property, and the other for the purchase price of the balance. If, having brought the action at bar, the plaintiffs were not entitled to maintain the action upon contract against McLowry and Baxter, and such action might have been successfully defended, we fail to discover how those facts are available as a defense to the defendant in this action. In the action against McLowry and Baxter the defense that the plaintiffs had brought an action in replevin, and thereby had elected to treat the contract of sale as void, was not in any manner interposed. If we assume that the action brought against McLowry and Baxter might have been successfully defended, or even that the judgment was improperly rendered, it cannot avail the defendant upon this appeal, because the judgment and the proceedings which

resulted in its recovery are not before us for review.   If, after the commencement of the action at bar, the plaintiffs had commenced an action against a person other than this defendant for the recovery of the same goods, and such action had proceeded to trial and judgment by default or otherwise, such judgment, we think, could in no way be regarded as a bar to a recovery in this action; and equally so with the judgment recovered against McLowry and Baxter.   The plaintiffs, having brought this action in replevin, thereby electing to treat the alleged contract of sale as void, were entitled, in case they established the invalidity of such contract, to recover possession of the goods in question; and their subsequent act in bringing an action upon contract against their vendees to recover the contract price of a portion of the goods delivered at the same time as the goods involved in this action, and the recovery of a judgment therein, was not a bar to their right of recovery here.

It is, however, insisted upon the part of the appellant that, even if the bringing of the action on contract by the plaintiffs against McLowry and Baxter, and the recovery of a judgment therein, is not a bar, nevertheless the judgment roll was competent evidence as an admission of the plaintiffs tending to prove that McLowry and Baxter obtained the goods in question pursuant to a valid contract, and thereby acquired title to them, and that they did not obtain possession of them as wrongdoers, and fraudulently, and in such manner as not to acquire any valid title thereto, and that the exclusion of the evidence by the learned trial court was error. The judgment roll contains no statement which can be construed into such an admission.   The complaint in that action simply alleges the contract of sale, the delivery of the goods under it, the bringing of the replevin action, and the failure of McLowry and Baxter to pay for the same.   Every one of those facts is admitted by the defendant in the action at bar.   The evidence given by the plaintiffs upon the rendition of such judgment is not made a part of the judgment roll, and what it was does not appear.   The findings of the court in that action upon which the judgment was entered are each substantially admitted in this action, either by defendant's answer or upon the trial.   The judgment roll was not material to prove the election of remedies by the plaintiffs, because, as we have seen, their election by bringing this action was the one which is controlling, is irrevocable, and their right to make any other or different election is forever gone.   If there had been any issue as to their election, the judgment roll would have been competent.   Terry v. Munger, supra.   But there was no such issue. The election was made by bringing the action at bar, and made long before the action on contract was brought.   The judgment roll or the statement contained in the complaint was not material upon the question of value of the property.   The jury having found that the plaintiffs are entitled to the possession of the goods, which they took under the replevin process, and still have, it is entirely immaterial what the goods were actually worth.

The only remaining question which need be considered is raised by an exception to a portion of the charge of the learned trial

67 N.Y.S.—19

court.   The court said to the jury in answer to a request by plaintiffs' counsel:

"I will charge this as matter of law, as bearing upon that question: That if the firm assumed that these statements were true, and made those statements with the view of inducing the plaintiffs to believe them to be true, and they were not true at the time they were made, then they were equally chargeable with the deceit, or the influence that they had upon the minds of the plaintiffs in inducing the sale, as though they had known that they were untrue.   A party cannot assume to know a fact when he does not know it, and makes it for the purpose of inducing another person to act upon it, and they do act upon it, and it is not true, then it constitutes fraud, the same as if they had made it knowing it to be untrue."

To this portion of the charge the defendant's counsel duly excepted, and it is now urged that it was such error as requires the reversal of the judgment.   The portion of the charge excepted to, taken together and considered in the light of the evidence, is susceptible of but one interpretation, viz. if the firm of McLowry and Baxter represented the facts stated by them to be true to their personal knowledge, with a view of inducing the plaintiffs to believe them, and they were believed, relied upon, and acted upon by the plaintiffs, and such statements were not true, they were chargeable with deceit, precisely as if such statements were made with the knowledge at the time that they were untrue.   So interpreted, the charge was correct, under the authority of Hadcock v. Osmer, 153 N. Y. 604, 47 N. E. 923.   The statements referred to by the learned trial court were Exhibits 1 and 3, which purport to be a true statement of the financial condition of McLowry and Baxter at the time they were made, respectively.   The first statement (Exhibit 1) commences as follows:

"For the purpose of obtaining credit with Jos. Schoeneman & Co., of Philadelphia, Pa., for merchandise which we may now or hereafter purchase of them, we do hereby make the following statement, which is a true and correct representation of our financial condition."

In a letter accompanying the last statement sent to the plaintiffs, which is Exhibit 3, McLowry & Co. said, among other things:

"The above statement and answers to interrogatories are reliable, and are made to your firm in good faith; and we understand and admit that any credit you may grant us is based on an absolute assurance of our correctness."

It will thus be seen that the statements referred to by the court in the charge were representations that a material fact was true to the knowledge of the firm making such statements, as distinguished from belief or opinion.   The evidence tended to show that the statements so made were relied upon by the plaintiffs, and that they were false.   We think the portion of the charge as given, interpreted by its language and by the evidence, was correct.   The conclusion upon the whole case is that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs.   All concur; WILLIAMS and LAUGHLIN, JJ., in result only.