PEDRO GANDÍA-CÓRDOVA, Plaintiff and Appellant, *v.* JOHANN
D. STUBBE, Defendant and Appellee.

No. 3324. Argued December 9, 1924.—Decided January 20, 1926.

CONTRACT—PARTNERSHIP—DISSOLUTION—PLEADING.—When one of two inconsistent remedies has been pursued to a final judgment the judgment is a bar to further prosecution of the other suit, and the fact that the judgment rendered in the subsequent action has not been executed is no reason why it can not be pleaded as a bar to the earlier inconsistent action when thereafter brought to trial.

First District Court of San Juan, Charles E. Foote, J. Judgment for the defendant in an action on contract. *Affirmed.*

*Juan B. Soto* for the appellant. *Cayetano Coll Cuchí* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff brought suit for the rescission or annulment of a contract of dissolution and liquidation of a partnership upon the theory of fraud, misrepresentation and mistake.

Later two other suits were filed, one against the Porto Rico Fertilizer Company for dividends alleged to have accrued to plaintiff herein under the terms of such contract, and another likewise based upon an implied affirmance of such contract against defendant herein and against the liquidator of such partnership agreed upon and named by the parties to such contract, for the removal of such liquidator and for money claimed to be due under the provisions of such contract, although characterized as damages arising out of a breach of such contract or out of the fraudulent acts and misrepresentations relied upon in the case now under consideration.

Final judgments seem to have been rendered in both of these subsequent actions prior to the date of the trial herein, the result in one of the same being adverse to defendant Stubbe and in both favorable to plaintiff Gandía.

Additional details as to the true character of the second of these two subsequent actions may be found in the opinion of this court in *Gandía* v. *Trías et al.,* 29 P.R.R. 629.

Plaintiff now appeals from a judgment of dismissal entered in the first of these three actions and says:

"First.—The court erred in holding that the plaintiff and appellant, by his prosecuting to final judgment another action against the defendant and against the Porto Rico Fertilizer Company, can not be allowed the remedy asserted in this suit in accordance with the doctrine known as election of remedies.

"Second.—The court erred in rendering judgment in favor of the defendant and against the plaintiff."

Appellant contends that the election was made and became irrevocable when the complaint herein was filed, and quotes from 9 R. C. L. 960, section 7; 15 Cyc. 259 to 260; *Klipstein & Co.* v. *Grant,* 141 Fed. 72, and *Robb* v. *Vos,* 155 U. S. 131.

The argument then proceeds as follows:

"The Court, in its opinion in the case of Muller vs. Fusca, cited in 20 Corpus Juris, page 35, maintained that when the defendant permits the subsequent action to be prosecuted to judgment this has the effect of preventing the further prosecution of the first of the actions.

"But the trial court in this case ignored that this theory is not supported by the weight of authority, nor even by the weight of clear reasoning, for if it were accepted then it would be necessary to conclude that the election of remedies is made by the defendant and not by the plaintiff.

"In illustration of this, let us suppose that the plaintiff has a right to elect between two different remedies, to wit: the action for the annulment of a contract, and the action for damages. Let us suppose also that the plaintiff brings one of these actions, let us say, the affirmance of the contract and damages, and some time after brings the other action mentioned. If the doctrine laid down in Muller vs. Fusca and cited by the trial court were applied to the case to which we are referring, it would be necessary to conclude that it is the defendant and not the plaintiff who could exercise the right of electing a remedy, as he would only have to remain silent, that is, not to allege the defense of election of remedies in either of the two cases, allow one of them to be prosecuted to judgment and then plead this fact as preventing the further prosecution of the other suit.

"We think that a sound doctrine in matters of procedure shows and requires that the defense of election of remedies be raised at the time of answering the complaint in the action subsequent to the first one brought, when the two actions are inconsistent. That is, the defendant in this case, when he appeared to answer the complaint in the action for damages to which the court and the defendant refer, should have pleaded as an affirmative defense the existence of an action for annulment of contract, that is, the existence of the present action which had been already brought and was, therefore, pending, so that such defense could be discussed and decided in the second case begun. But in not doing so, and in waiting until judgment was rendered in that case, thereafter, at the second trial of the present case to file an amended answer alleging that the plaintiff has elected the remedy asserted in the action for damages and can not, therefore, further prosecute the present action, he has incurred in a gross departure from the sound principles which govern the practice and procedure in the courts of justice, assuming a position which is untenable in the light of logic and of law. Besides, it is not alleged in the answer and it does not appear from the record of this case that plaintiff Pedro Gandía has executed the judgment rendered in the said case of damages.

"In 9 Ruling Case Law, page 960, section 6, we find this same viewpoint stated as follows:

"'Under the rule that the first pronounced act of election or suit constitutes an election of the remedy, and that this is a defense to the prosecution of a second inconsistent suit or remedy, it cannot be pleaded as a bar to the first that a second suit has been instituted and pursued to a judgment, when such judgment has not been executed or enforced.'

"This doctrine destroys the theory laid down in the case cited by the district court and makes patent the error of the said court in upholding by its judgment the defense raised by the defendant.

"The priority of this suit over the action for damages (civil suit number 830), appears from paragraph X of the complaint in the said suit number 830, for damages, which forms part of the record in this case as evidence offered by the plaintiff and appellant.

"But even assuming that the present case, instead of being, as it is, the first one begun by the plaintiff against the defendant, were the last one brought, the defense of the defendant would always be of doubtful applicability, as in accordance with the jurisprudence an action *ex contractu* derived from a fraudulent contract is not inconsistent with an action for damages caused by the fraud;

thereby making an important exception to the doctrine of election of remedies.

"In 9 Ruling Case Law, section 5, page 959, this doctrine is expressed in the following language:

" 'A class of cases is to be distinguished from those which are subject to the doctrine of election of remedies. It may be that the same transaction will give rise to distinct and independent grounds of action which may be concurrently or consecutively pursued to satisfaction. Accordingly, a recovery in an action for the hire of personal property is no bar to another action seeking to obtain damages for injuries done to the property while in the hands of the bailee. And so an action on a contract induced by fraud is not inconsistent with an action for damages for the deceit; nor is an action to recover damages for breach of an agreement with a firm, induced by the fraud of one of the partners, a defense to an action against the individual member for the fraud.' 9 R.C.L. 959, section 5.

"If we examine the instant case we will readily observe that the plaintiff, Pedro Gandía, was induced to agree with the defendant upon the dissolution of the firm of Gandía & Stubbe by fraudulent statements and representations made by the defendant and by persons acting under his immediate direction and in collusion with him. Therefore, the present case is one of the exceptions to the rule of election of remedies, as it is clear that Pedro Gandía, according to the jurisprudence just cited, could very well ask for the annulment of the contract of dissolution of the firm and at the same time pray that the defendant be adjudged to pay him for the damages caused to him by the deceit practiced upon him. This doctrine is not only reasonable but useful and moral, tending to prevent that a person may, by fraudulent statements, be induced to enter into a contract with another wherein the interests of the former be seriously prejudiced.

"Examining this question in the light of the Civil Code of Porto Rico, we can see that the action in this case is based upon error and fraud, being based upon sections 1230, 1267, 1268, 1269 and others of our Civil Code, while the action in civil case number 830, being one for damages, is based upon the liabilities established in sections 1068, 1803 and others of the same code.

"II.—The court erred in rendering judgment in favor of the defendant and against the plaintiff because from an examination of the evidence the following facts appear to have been established:

"(a) That on July 24, 1916, Johann D. Stubbe and the plain-

tiff Pedro Gandía executed a deed of dissolution and liquidation of the firm of Gandía & Stubbe.

"(b) That the balances which served as a basis to the said deed are false and fraudulent, not being in conformity with the real condition of the books, and that the plaintiff, Pedro Gandía, was induced to the mistake of signing the said deed notwithstanding the fact that he thereby suffered damages for the approximate sum of $30,000, by the false representations of the defendant.

"(c) That after the said deed had been signed the plaintiff came to know of the deceit and fraud practiced upon him and, consequently, brought the present action for the annulment by the court of the said deed.

"(d) That this complaint was filed in the month of February, 1917, and thereafter the plaintiff brought an action against the same defendant and also against liquidator Trías, praying for the removal of the liquidator and damages sustained by the plaintiff and caused by the defendants as a result of the fraud in question.

"(e) That the plaintiff pursued the two actions referred to and judgment was rendered in both of them.

"(f) That in the present case the judgment of the district court was reversed by the Supreme Court of Porto Rico, a new trial being ordered; and in the action for damages (830) the judgment of the district court was also reversed by the Supreme Court of Porto Rico, which rendered judgment but did not order a new trial.

"(g) That the judgment rendered by the Supreme Court of Porto Rico in the second one of the above cases, that is, case number 830, action for damages, has not been executed.

"For the foregoing reasons the plaintiff prays this Court to reverse the judgment appealed from and render judgment in his favor, in accordance with the complaint."

If the question as to a previous election had been raised in either of the two subsequent actions, then as between such action and the one first brought the choice made at the time of the filing of the first complaint might have been deemed, with some show of reason, and in quite a number of jurisdictions no doubt would have been deemed, irrevocable. Upon no other theory could the defense of a previous election prevail in any case or the doctrine as generally applied by the courts be sustained. But any dictum

or generalization beyond this to be found in cases wherein the later action was not available or had not been prosecuted to judgment, or the two actions were brought against different defendants, should be construed in connection with the facts under consideration at the time and extended with caution, if at all, to cases that were not in the mind of the court. *Friederichsen* v. *Renard,* 247 U. S. 207. The group of authorities first above mentioned, if so regarded, are not decisive of the question now before us.

"At best," as pointed out in *Friederichsen* v. *Renard, supra,* "this doctrine of election of remedies is a harsh, and now largely obsolete rule." And even in the first of the two paragraphs quoted in inverse order by appellant from Ruling Case Law, *supra,* it is said that—

"The more reasonable rule is that the mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel in pais has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election."

Again, as between an action at law and a suit in equity at least, we find that—

"Generally speaking, to amount to an election, the plaintiff must have prosecuted one of his actions to a final judgment or decree which has not been disturbed on appeal; and if the plaintiff has obtained a judgment at law, he may be required to proceed at law under the judgment or to proceed in equity." 9 R.C.L. 965, sec. 11.

Even in the case of co-existing concurrent remedies, it is often held that full satisfaction obtained in one proceeding is a bar to further prosecution of the other; and we fail to perceive why the same principle should not apply *a fortiori* when one of two inconsistent remedies has been pursued to a final judgment with proper provision therein for the issuance of execution and plaintiff has only to levy upon the property of a solvent defendant in order to obtain full satisfaction of such judgment.

The extract from 9 R.C.L. 960, section 6, subsequently

quoted in the extract from the brief, *supra,* if it correctly states the law, is somewhat more to the point. The cases cited in the footnote, however, leave much to be desired in the way of support for the proposition that an unenforced or unexecuted judgment rendered in a subsequent action cannot be pleaded in bar of the earlier inconsistent action when thereafter brought to trial.

Among the cases cited in the note to *Mezell Live Stock Co.* v. *McCrosky,* Ann. Cases 1913 D, 1197, those most favorable to the contention of appellant are *Moller* v. *Tuska,* 87 N. Y. 167, and *Shoeneman* v. *Chamberlain,* 55 App. Div. 351.

These cases are not discussed at all by appellant, nor for that matter by counsel for appellee. It will suffice to say, therefore, that we have examined them, as well as a number of others not cited by either of the parties.

In the case of *Gandía* v. *Trías et al., supra,* the district court ordered the removal of Trías as liquidator and rendered judgment in favor of plaintiff and against Stubbe for some $27,000. That judgment was reversed on appeal by this court, but the judgment rendered in lieu thereof was upon the whole favorable to Gandía and adverse to Stubbe. It awarded to plaintiff some $8,000 of the amount claimed by him, canceled certain entries made in the books of the firm by Trías transferring certain funds or property to Stubbe and left in abeyance other items pending and subject to an accounting to be made by Trías. The issuance of a writ of execution immediately upon receipt of that judgment in the district court was also expressly authorized.

At the time of the trial in the case at bar the judgment of this court in *Gandía* v. *Porto Rico Fertilizer Company* reversing that of the district court, rendered likewise in favor of Gandía, had in turn been reversed by the Circuit Court of Appeals and the final result, if not already formally announced by this court, was to all practical intents

and purposes a foregone conclusion and of necessity like-wise favorable to plaintiff.

It was not intimated at any time in the court below nor in this court that plaintiff intended or was willing to waive or abandon the advantages and benefits thus obtained by him, nor that either of said suits was unavailable or illusory or a mistaken remedy. On the contrary, as we have already shown, appellant seems inclined even at the present stage of the proceedings to insist that the two subsequent suits were not in fact inconsistent with the first.

We are not aware of any case that has gone so far as to hold upon facts actually before the court so holding that a plaintiff who has obtained two substantial judgments in two separate subsequent actions conceded to be inconsistent with the first, one of them being against the defendant in the original suit, may thereafter, without waiver or abandonment of his rights under such judgments and while avowedly insisting hereon, prosecute to a final conclusion the suit first instituted and that this may be done simply and solely because, pending a trial on the merits of such first action, plaintiff has abstained from applying to the clerk for a writ of execution already authorized and from placing the same in the hands of the marshal. Nor would we be inclined to follow such a decision when found unless made obligatory upon us by the nature of its source or else supported by something far more persuasive in the way of argument than anything that thus far has come to our notice.

In *Brockhaus* v. *Rose et al.*, 221 Pac. 29, 31, the Supreme Court of Oklahoma said:

"And while there is a conflict of authorities as to what constitutes an election, we think the weight of authorities and the better rule is that the election is made when a suit is instituted and is final unless withdrawn within a reasonable time, and where there are two or more suits instituted, the first remedy that is pursued to final determination and judgment obtained is a bar and precludes a further prosecution of the other suit."

Whether or not the rule as stated is sustained by any very decided weight of authority is not for the purposes of this opinion a matter of vital importance. In so far as a second inconsistent suit against the same defendant is concerned, when that suit has been prosecuted to judgment and the issuance of a writ of execution authorized, we think that the thought rather broadly, not to say loosely and inaccurately expressed, more nearly approaches the fundamental principle underlying the doctrine of election of remedies than much of what has been said by the courts with reference to a different state of facts.

That principle, as we understand it, has been happily stated by at least one court, or perhaps by the editor or some note in the form of an aphorism borrowed from the Draconic code of the nursery, to wit: "You can not eat your cake and have it." The law says to the plaintiff, you cannot make a final choice between two inconsistent remedies and retain your option. When you have pursued one such remedy to its conclusion or proceeded therein to a point where equity and good conscience demand that you should be deemed to have made a final election, then you have forfeited your right to the other.

In the absence of any local precedents, and in so far as we are free to choose in establishing the rule that is to govern in this jurisdiction, we are not disposed to adopt the more drastic features of the doctrine now under consideration as developed in the decided cases. We may refer in passing, however, to *Kendall* v. *Stokes*, 3 How. 86, 99; *American Process Co.* v. *The Florida White Pressed Brick Co.*, 47 So. 942; *Wile* v. *Brownstein*, 35 Hun, 68; *McClendon Bros.* v. *Finch*, 58 So. 690; and 9 R.C.L. 965, sec. 12.

It has occurred to us that possibly facts and circumstances could be found in the record which would make out a stronger case for appellant than appears from the brief; but we have no leisure for speculation along this line. On the other hand, were we to take judicial notice of the full

history of this controversy we would be tempted to suggest perhaps that cases may arise wherein the courts themselves, as well as defendants, should be regarded as having some rights that ought to be respected by litigants. In this connection it is fair to add, however, that counsel now representing appellant herein have appeared for the first time in this case upon the present appeal.

In our consideration of this aspect of the case we have purposely confined our discussion to the question as presented and the facts as stated or conceded by the parties in their briefs. We have not combed the record for dates and data not mentioned nor relied upon by appellant.

Also there may be some room for doubt or argument as suggested by appellant with reference to whether or not the later cases were in fact inconsistent with the first. But it is not enough to suggest a doubt in this regard or in regard to any other proposition upon which the judgment below was based.

This court has repeatedly pointed out in recent years that it can not undertake the independent investigation of more or less doubtful questions indicated but inadequately developed in the brief for appellant.

For similar reasons the second specification contained in the assignment of errors does not demand serious consideration, and an affirmance would have been proper and probable even though a different conclusion had been reached upon the point first presented and primarily urged by appellant as a ground for reversal.

No evidence seems to have been actually introduced at the date of the trial, but a stipulation was filed whereby it was agreed that the case might be disposed of upon a stenographic record of a previous trial together with pleadings, judgments and documents on file in the two subsequent suits. All of this evidence, it appears, was at the time in the office of the secretary of this court as a part

of the record in three different appeals from the judgments first rendered in this and in the two subsequent actions.

The record on the present appeal is a curiously compiled composite mass comprising some 600 or 800 pages of type-written matter without index or other adequate guide to its contents. From considerations of common justice to other litigants we could not, if we would, undertake to search such a record without the aid of a single reference to any page or portion thereof in order to ascertain whether or not the bald statements made by appellant as to the alleged result of the evidence as a whole have any solid foundation in fact.

The judgment appealed from must be affirmed.