JOST MOLLER *et al.*, Appellants, *against* PHILIP H. TUSKA, Respondent.

(Decided April 5th, 1880.)

The plaintiffs, who were vendors of certain goods, claiming to rescind the sale on the ground that the vendees were insolvent at the time of the sale, and had fraudulently procured the sale and delivery to them, brought an action of claim and delivery for a part of the goods, against the defendant, to whom they had been transferred by the alleged fraudulent vendees. Before trial of the action the plaintiffs made proof of a claim, which included the price of these goods, against the estate of the original vendees, in bankruptcy, and received from their assignee a dividend on the claim ; but subsequently the assignee, having learned of the action of claim and delivery, reclaimed the dividend on the ground that the action was a disaffirmance of the sale, and the plaintiffs thereupon repaid the dividend to him. *Held*, that this participation in the proceedings in bankruptcy constituted no defense to the action for recovery of the goods. The plaintiffs, by bringing that action, made their election to disaffirm the sale and pursue the goods ; and the subsequent proof of debt and receipt of money, being, under the circumstances, their sole act, was ineffectual to change their position.

APPEAL from a judgment of this court, entered upon a verdict of a jury directed by the court.

The action was commenced on December 19th, 1868, to recover twenty-five barrels of sugar which, as alleged, the defendant wrongfully became possessed of and detained. The facts proved were, that a firm of Valk Bros. had purchased these goods from plaintiffs between November 11th and December 8th, 1868 ; that, as plaintiffs contend, Valk Bros. were insolvent at the time, and fraudulently procured the sale and delivery to them ; on discovering which fraud, plaintiffs elected to rescind the sale, and brought this action to recover part of the goods, twenty-five barrels, or the value thereof, from the defendant, to whom Valk Bros. had transferred the goods, but who was not, as plaintiffs contend, a *bona fide* purchaser. The defendant answered, setting up title in himself.

While the cause was at issue, the plaintiffs made proof of a claim against Valk Bros. for the purchase-price of these goods, with others they had sold that firm. The proof in bankruptcy was made on October 27th, 1873. On December 17th, 1873, plaintiffs received a dividend on their claim from the assignee in bankruptcy, amounting to $133.83. On May 13th, 1878, the assignee in bankruptcy demanded of plaintiffs, that such dividend should be returned to him, on the ground that he had learned that previous to their filing the claim for proof of debt against the estate of Valk Bros., bankrupts, they had commenced this action, and that such action was a disaffirmance of the sale. In compliance with this demand, the plaintiffs repaid to the assignee in bankruptcy, on May 13th, 1878, the dividend, $133.83, and received his receipt.

The learned judge at the trial held that proving the debt in bankruptcy, and receiving the dividend thereon, was an affirmance of the sale to Valk Bros., and that the subsequent repayment to the assignee in bankruptcy of such dividend, did not affect the affirmance ; and directed the jury to find for the defendant, exceptions to be heard in the first instance at the general term. Judgment was entered on the verdict for the defendant, for a return of the property, or for its value if a re-

turn could not be had, with damages for its detention.  From the judgment the plaintiffs appealed.

*John McKeon* and *A. J. Vanderpoel*, for appellants.

*S. W. Fullerton*, for respondent.

J. F. DALY, J.—[After stating the facts as above.]—The commencement of this action to recover the goods was an election by plaintiffs to disaffirm the contract of sale, and having taken that step their rights were determined, and no power of election or discretion remained in them.  They were bound to follow the goods, and the right to claim the price was forever gone (*Morris* v. *Rexford*, 18 N. Y. 552, and cases cited).

But notwithstanding the pendency of the action which plaintiffs had elected to bring, the plaintiffs and Valk Bros., or their representatives and transferees, might, of course, afterwards agree to consider the sale valid and to settle upon that basis; and upon that principle, if plaintiffs had, after the bringing of this action, commenced another for the price, and defendant had suffered a recovery therefor, such judgment would defeat a recovery in this action (*Binney* v. *Kiernan*, 49 N. Y. 165).

The mere bringing of an action for the price, while the action for the goods is pending, will not affect the rights of the parties as fixed by the original election, because the second action is the act of the vendor only, who cannot change his position or his remedy, or affect the rights of the vendee without the latter's concurrence (Same case).  If the vendee suffered a recovery in the second action it would indicate his consent to a re-establishment of the sale, and be as effectual as if the parties had met and entered into an agreement to that end.

If it be conceded that the assignee in bankruptcy of the alleged fraudulent vendee is such a representative of the latter as to make an agreement with the vendor, or to suffer any default, or to give a consent, make a concession or ad-

mission effectual to restore the debt which the rescission of the sale has canceled, it is evident that such act, agreement, consent or concession of the assignee must be with knowledge of the facts and with the intention to produce the result indicated, in order to be effectual for any purpose.

It was on this theory, of course, that the assignee, when he discovered that the vendors had disaffirmed the sale prior to proving their claim in bankruptcy, reclaimed the dividend he had paid. He was evidently in a position to enforce repayment, for the plaintiffs had no claim whatever for debt against Valk Bros., when they assumed to prove a debt in bankruptcy, and had no more right to retain the dividend than to claim it.

Under these circumstances, as the assignee in bankruptcy chose to reclaim the dividend, and the plaintiffs' proof of debt and receipt of the money was their sole act, which, under the authorities, was ineffectual to change their position (having once made the election to pursue the goods and rescind the debt), the evidence concerning the proceedings in bankruptcy constituted no defense.

The judgment should be reversed, and a new trial ordered, costs to abide event.

CHARLES P. DALY, Ch. J. and LARREMORE, J., concurred.

Judgment reversed, and new trial ordered, with costs to abide event.*

---

* The order entered on this decision was affirmed, and judgment absolute for the plaintiffs ordered by the court of appeals, December 13th, 1881.