FINLAY, DEMANDANTE Y APELANTE *v.* FABIÁN, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en procedimiento sobre aprobación del memorándum de costas, en pleito de divorcio.

No. 1622.—Resuelto en marzo 23, 1917.

COSTAS Y DESEMBOLSOS—TAQUÍGRAFOS OFICIALES—HONORARIOS DEL TAQUÍGRAFO—NOTAS DEL TAQUÍGRAFO—NECESIDAD DE LAS MISMAS.—Teniendo en cuenta la sección 5ª. de la ley de 10 de marzo de 1904 sobre taquígrafos oficiales en las cortes de distrito, cae por su base la impugnación hecha a una partida de honorarios pagados a un taquígrafo oficial, consignada en el memo-

rándum de costas y desembolsos, por el fundamento de que el *record* taqui-
gráfico no era necesario a los fines perseguidos en la acción, máxime cuando
como en este caso, el abogado del peticionario afirmó bajo juramento en
el acto de la vista del procedimiento que pidió el *record* para preparar un
alegato que debía presentar a la corte, por haber sido sometido el caso a
la misma por medio de alegatos escritos.

ID.—ID.—PRESUNCIÓN DE COBRO LEGÍTIMO—PRUEBA EN CONTRARIO.—Existe a fa-
vor del taquígrafo oficial creado por la ley de 10 de marzo de 1904, la pre-
sunción de que cobra lo que legítimamente le corresponde, o sean diez cen-
tavos por cada cien palabras, y, por tanto, cuando se consigna en un memo-
rándum de costas y desembolsos una partida de honorarios pagados a un
taquígrafo oficial, sin que se niegue su existencia, corresponde a la parte
que la impugna la prueba de que los derechos satisfechos no 'eran los debi-
dos con arreglo a la ley.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Enrique González Mena* y
*Juan B. Soto.*

Abogado del apelado: *Sr. Francisco Soto Gras.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

En pleito seguido ante la Corte de Distrito de San Juan,
Sección 1ª., por Josefina Finlay contra Rafael Fabián, sobre
divorcio, se dictó sentencia en 22 de mayo de 1916, que de-
clara sin lugar la demanda y con lugar la contrademanda,
decretando en su consecuencia la disolución del vínculo ma-
trimonial entre ambos cónyuges, por el fundamento invocado
en la contrademanda, con imposición de costas y desembol-
sos a la demandante y contrademandada Josefina Finlay.

Presentó el abogado del demandado Fabián un memorán-
dum de costas y desembolsos jurado por dicho abogado, y com-
prensivo de las siguientes partidas: una de $10 por honora-
rios del secretario, otra de $7 por gastos de viaje a Humacao,
la tercera de $100 pagados al taquígrafo por el récord taqui-
gráfico en el incidente sobre custodia, y la última de $350 pa-
gados al mismo funcionario por el récord taquigráfico del jui-
cio oral.

La representación de Josefina Finlay impugnó la segunda
partida por entender que el demandado no necesitaba hacer

viaje alguno a Humacao a los fines del pleito, y la tercera y cuarta partidas porque los récords a que se refieren no eran necesarios a los fines perseguidos en la acción.

Celebrada la vista correspondiente, en que no hubo más prueba que la declaración del abogado del demandado y contrademandante Fabián, que lo es Don Francisco Soto Gras, la corte dictó resolución en 4 de diciembre de 1916 aprobando las partidas relativas a honorarios del secretario y a la cantidad de $350 pagada por el récord taquigráfico del juicio oral y denegando la aprobación a las otras dos partidas de gastos de viaje a Humacao y de $100 por el récord taquigráfico en el incidente sobre custodia. Esa resolución fué apelada por la representación de Josefina Finlay en cuanto perjudica a los intereses de ésta y funda el recurso en que el demandado y contrademandante no presentó prueba creditiva de que la partida de $350 fué pagada al taquígrafo de acuerdo con lo que dispone la sección 5ª. de la ley aprobada el 10 de marzo de 1904, creando el cargo de taquígrafo oficial en las cortes de distrito.

Esa sección en lo conducente dice así:

"Será deber del taquígrafo, al ser requerido por el Attorney General, el fiscal de distrito, o por cualquier persona en un pleito en que se hayan tomado notas taquigráficas, proporcionar copia escrita en máquina de los autos (*records*), o de cualquiera parte de los mismos, por la cual tendrá derecho a recibir, además de su sueldo, diez centavos como honorarios, por cada cien palabras, que habrá de satisfacer la parte que solicite aquélla, cuya suma habrá de cargarse con costas de la causa a la parte vencida en el juicio * * *."

Como se ve, la parte apelante no sostiene la impugnación a la partida de $350 pagada al taquígrafo, por el fundamento alegado en la corte inferior, o sea, porque el récord taquigráfico no era necesario al demandado. Esa impugnación caía por su base, teniendo en cuenta el precepto legal transcrito en relación con la declaración jurada del abogado Soto Gras, quien afirma que pidió el récord taquigráfico del juicio, pa-

gando la cantidad de $350, para preparar un alegato que debía presentar a la corte por haber sido sometido el caso a la misma por alegatos escritos.

Tampoco se impugna la existencia de dicho pago sino la falta de prueba de que al taquígrafo le fueran satisfechos los derechos que le eran debidos con arreglo a la sección citada, o sean, diez centavos por cada cien palabras. Tal cuestión no fué levantada en la corte de distrito, ante la cual, como hemos dicho, sólo alegó la parte apelante que el récord taquigráfico del juicio oral no era necesario al demandado, y por tanto bien podríamos abstenernos de considerar esa cuestión. No es nueva y ha sido decidida por esta corte en los casos de *To· rres v. Irizarry* y *Sucesión Collado v. Perez et al.,* 19 D. P. R., páginas 361 y 368, respectivamente. Entonces dijimos que el memorándum de costas tiene a su favor la garantía del juramento que lo acompaña y la presunción de que se ajusta a la verdad de los hechos, y atendida la especialidad del presente caso, o sea, con relación a la partida de $350 que el demandado pagó al taquígrafo por el récord del juicio oral, existe a favor del taquígrafo la presunción de que cobró lo que legítimamente le correspondía, o sea, diez centavos por cada cien palabras, mientras no se demuestre lo contrario, prueba que incumbía a la demandante y contrademandada apelante.

Es de confirmarse la resolución de la Corte de Distrito de San Juan, Sección 1ª., en la parte en que ha sido recurrida.

> *Confirmada la resolución en la parte en que ha sido apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.