PEDRO GANDÍA CÓRDOVA, demandante y apelante, *v.* JOHANN D. STUBBE, demandado y apelado.

No. 3324.—*Visto:* Diciembre 9, 1924. *Resuelto:* Enero 20, 1926.

ELECCIÓN DE REMEDIOS — REMEDIOS EJERCITADOS QUE SON. INCONSISTENTES — EFECTOS DE LA ELECCIÓN.—Cuando uno de dos remedios inconsistentes se sigue hasta sentencia final, ésta es un impedimento para la continuación del otro pleito, y el hecho de que la sentencia—dictada en la acción subsidiaria—no haya sido ejecutada, no es óbice para que pueda ser alegada como impedimento de la más remota acción inconsistente al celebrarse luego el juicio.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar la demanda, con costas. *Confirmada.*

*Juan B. Soto,* abogado del apelante; *Cayetano Coll Cuchí,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante estableció demanda solicitando la rescisión o nulidad de una escritura de disolución y liquidación de sociedad, fundado en la teoría de fraude, falsa representación y errores cometidos.

Subsiguientemente fueron establecidas otras dos acciones, una contra la Porto Rico Fertilizer Co., en cobro de dividendos que se alegó se debían al demandante en este caso de acuerdo con los términos de tal contrato, y otra fundada a su vez en una confirmación implícita de tal contrato contra el aquí demandado y contra el liquidador de tal sociedad, designado y nombrado por las partes en dicho contrato, para

la destitución de -tal liquidador y en reclamación de cierta cantidad de dinero debida por virtud de las estipulaciones de dicho contrato, aunque caracterizada como daños y perjuicios provenientes del incumplimiento del susodicho contrato, o por los actos fraudulentos y falsas representaciones que se alegan en el caso ahora ante nuestra consideración.

En ambas de estas acciones subsiguientes parece que se dictaron las sentencias con anterioridad a la fecha del juicio en este caso, siendo el resultado de una de ellas adverso al demandado Stubbe, y en ambas favorable al demandante Gandía.

Pueden encontrarse más detalles sobre la verdadera naturaleza de la segunda de estas dos doctrinas subsiguientes en la opinión emitida por esta Corte en el caso de *Gandía* v. *Trías et al.,* 29 D.P.R. 676.

Apela el demandante ahora de una sentencia que declara sin lugar la demanda dictada en la primera de estas tres acciones y alega que se han cometido los siguientes errores:

"Primero: La corte cometió error resolviendo que el demandante y apelante, al proseguir otras acciones contra el demandado y contra la Porto Rico Fertilizer Company hasta obtener sentencia final, no le es permitido el remedio ejercitado en esta acción, de acuerdo con la doctrina conocida con el nombre de 'The Election of Remedies.'

"Segundo: La corte cometió error al dictar sentencia a favor del demandado y en contra del demandante."

Sostiene el apelante que la elección se hizo y quedó convertida en irrevocable al ser presentada la demanda en este pleito, y cita del tomo 9 de R.C.L., 960, sección 7; 15 Cyc. 259 a 260; *Klipstein & Co.* v. *Grant,* 141 Fed. 72, y *Robb* v. *Vos,* 155 U. S. 13.

Continúa el apelante su argumentación en esta forma:

"La corte en su opinión en el caso de *Moller* v. *Tusca* aludido en el tomo 20 de Corpus Juris, página 35, sostuvo, que cuando el demandado permite que la acción subsiguiente sea continuada hasta obtener sentencia, ello producirá el efecto de impedir la continuación del primero de dichos pleitos.

"Sin embargo, el tribunal sentenciador en este caso, olvida que esa teoría no está sostenida por el peso de las autoridades, ni aun por el peso mismo de un claro razonamiento, pues de ser aceptada, tendríamos que concluir que la elección del remedio·la hace el demandado y no el propio demandante.

"Para comprenderlo, supongamos que el demandante puede escoger entre dos acciones, a saber: entre la acción de nulidad de un contrato, y la acción de daños y perjuicios. Supongamos asimismo que dicho demandante establece una de estas acciones, vamos a decir la ratificación del contrato de daños y perjuicios, y algún tiempo después entabla la otra acción mencionada. Si la doctrina expuesta en el caso de *Moller* v. *Tusca* y citada por la corte sentenciadora se aplicara al caso referido, tendríamos que concluir que el demandado y no el demandante es el que podría ejercitar el derecho de elegir el remedio; bastándole para ello con permanecer callado, esto es, sin oponer la defensa de elección de remedio a ninguno de los dos casos, permitir que uno de ellos continuase hasta dictarse sentencia. y luego alegar que esta circunstancia impide la continuación del otro pleito.

"Nosotros entendemos que una sana doctrina en materia de procedimiento enseña y exige que la defensa de elección de remedio debe establecerse al contestar la demanda subsiguiente a la primera establecida en dos acciones de carácter incompatible. Esto es, que el demandado en el presente caso, al comparecer a contestar la demanda en el pleito sobre daños y perjuicios·a que alude la corte, y a que se refiere el demandado, debió haber alegado como una defensa afirmativa la existencia de una acción sobre nulidad de contrato, o sea la existencia del presente pleito entablada ya, y por tanto pendiente, a fin de que tal defensa se hubiera discutido y resuelto dentro del caso subsiguientemente establecido. Pero al no hacerlo así, esperar a que se dicte sentencia en dicho caso, y luego cuando se va a celebrar por segunda vez el juicio en el caso de autos, presentar una contestación enmendada, alegando que el demandante había escogido el remedio ejercitado en la acción sobre resarcimiento de daños y perjuicios, y por tanto no podía continuar en el ejercicio de la presente acción, equivale a una desviación profunda de los sanos principios que regulan los procedimientos ante los tribunales de justicia, y a mantener una posición insostenible en buena lógica y en buena ley. Además, no aparece alegado en la contestación, ni resulta de los autos en este caso, que el demandante, Pedro Gandía, haya ejecutado la sentencia dictada en el sobredicho caso sobre resarcimiento de daños y perjuicios.

"En el citado tomo IX de Ruling Case Law, en la página 960, párrafo 6, encontramos expuesto este mismo punto de vista, en los términos que siguen:

" 'Bajo la regla de que el primer acto manifestado de elección o pleito constituye una elección del remedio, y que esto es una defensa para la institución de un segundo pleito o remedio inconsistente, no puede ser alegado como un impedimento del primero el que un segundo pleito haya sido establecido y seguido hasta sentencia, cuando tal sentencia no ha sido ejecutada o hecho cumplir.'

"Esta doctrina echa por tierra la teoría sostenida en el caso citado por la corte de distrito, y pone de relieve el error de dicha Hon. Corte al considerar como buena en su sentencia la defensa del demandado.

"La prioridad en tiempo del presente pleito, sobre el pleito reclamando daños y perjuicios (pleito civil número 830), consta demostrada en el párrafo X de la demanda del referido pleito número 830, o sea del pleito sobre daños y perjuicios, el cual forma parte del récord en este pleito como evidencia introducida por el demandante y apelante.

"Pero aun suponiendo que el presente caso, en vez de ser como es, el primero de los presentados por el demandante contra el demandado, hubiera sido el último en orden de fecha de presentación, la defensa del demandado siempre sería de aplicación muy dudosa, pues, según la jurisprudencia, una acción *ex contractu* derivada de un contrato fraudulento, no es incompatible con una acción de daños causados por el fraude; estableciéndose así una excepción importante a la doctrina sobre elección de remedios.

"En el tomo 9 de Ruling Case Law, párrafo V, página 959, esta doctrina se consigna en los siguientes términos:

" 'Una clase de casos ha de distinguirse de aquellos que están sujetos a la doctrina de elección de remedios. Puede ser que la misma transacción origine fundamentos distintos e independientes de acción que puedan ser concurrente y consecutivamente seguidos hasta el pago. De conformidad con esto, el cobro en una acción por el alquiler de bienes muebles no es un impedimento para otra acción en la que se trata de obtener una indemnización por daños causados a la propiedad mientras ésta se encontraba en poder del depositario. Y por tanto una acción basada en un contrato el cual se ha celebrado mediante fraude no es inconsistente con una acción por daños y perjuicios por el engaño; ni lo es tampoco una acción para recobrar daños y perjuicios por el incumplimiento de un contrato con una sociedad, que se ha celebrado mediando fraude por parte de uno de

los socios, una defensa a una acción contra el socio particular por el fraude.' 9 R.C.L. 959, párrafo V.

''Si examinamos el caso de autos, veremos fácilmente que el demandante, Pedro Gandía, fué inducido a convenir con el demandado la disolución de la sociedad mercantil 'Gandía & Stubbe,' mediante manifestaciones y representaciones fraudulentas, llevadas a efecto por el demandado, y por personas actuando bajo su inmediata dirección y de acuerdo con él. Por consiguiente, el caso de autos constituye una de las excepciones a la doctrina sobre elección de remedios, pues es claro que Pedro Gandía, según la jurisprudencia que acabamos de citar, bien podía solicitar la nulidad del contrato de disolución de sociedad, y al mismo tiempo pedir que se condenara al demandado a pagarle los daños y perjuicios que le causara con el engaño de que le hizo objeto. Esta doctrina no sólo es razonable, sino útil y moralizadora, contribuyendo a impedir que por medio de manifestaciones fraudulentas pueda inducirse a una persona a celebrar con otra un contrato en que los intereses de la primera hayan de resultar profundamente lesionados.

''Examinando esta cuestión desde el punto de vista del Código Civil de Puerto Rico, veremos que la acción en este caso se basa en el error y en el dolo, fundándose a su vez en los artículos 1230, 1267, 1268, 1269 y otros de nuestro Código Civil mientras que el pleito civil número 830, sobre resarcimiento de daños y perjuicios, se funda en las responsabilidades establecidas en los artículos 1068, 1803 y otros del referido código.

''II. La corte cometió error al dictar sentencia a favor del demandado y en contra del demandante, porque del examen de la evidencia resultan probados los siguientes hechos:

''(a) Que el día 24 de julio de 1916, Johann D. Stubbe y el demandante, Pedro Gandía, otorgaron escritura de disolución y liquidación de la sociedad mercantil 'Gandía & Stubbe.'

''(b) Que los balances que sirvieron de base a dicha escritura son falsos y engañosos, no estando de acuerdo con el verdadero estado de los libros, y que el demandante, Pedro Gandía, fué inducido a error al firmar la referida escritura, no obstante el hecho de que con ello dicho demandante sufría daños y perjuicios por la suma aproximada de treinta mil dollars, por las falsas representaciones del demandado.

''(c) Que después de firmada dicha escritura, el demandante se enteró del engaño y fraude de que había sido objeto y, en consecuencia, entabló la demanda en este caso solicitando de la corte la nulidad de dicha escritura.

"(*d*) Que esa demanda fué presentada en el mes de febrero de 1917, y que posteriormente, el demandante presentó demanda contra el mismo demandado y además contra el liquidador Trías, en la cual se solicitaba de la corte la destitución de dicho liquidador y la indemnización de los daños y perjuicios causados al demandante por los demandados como consecuencia del fraude aludido.

"(*e*) Que el demandante continuó los dos casos referidos, habiéndose dictado sentencia en ambos.

"(*f*) Que en el caso de autos, la sentencia de la Corte de Distrito fué revocada por la Corte Suprema de Puerto Rico, ordenándose un nuevo juicio; y en el caso sobre resarcimiento de daños y perjuicios (número 830), la sentencia de la corte de distrito también fué revocada por el Tribunal Supremo de Puerto Rico, el cual dictó sentencia sin ordenar un nuevo juicio.

"(*g*) Que la sentencia dictada por la Corte Suprema de Puerto Rico en el segundo de los casos aludidos o sea en el caso civil número 830, sobre daños y perjuicios, no ha sido ejecutada.

"Por las razones expuestas, el demandante solicita de esta Honorable Corte se sirva revocar la sentencia apelada, y dictar sentencia a su favor, de acuerdo con la demanda."

Si la cuestión referente a una previa elección hubiera sido levantada en una u otra de las dos acciones subsiguientes, entonces en cuanto a tal acción y la primera que fué establecida, la elección hecha al radicarse la primera demanda podría haberse considerado, con cierta apariencia de razón y sin duda que en varias jurisdicciones se hubiera tenido como irrevocable. Por ninguna otra teoría podría prevalecer la defensa de una elección previa en algún caso o ser sostenida la doctrina como ha sido aplicada generalmente por las cortes. Pero cualquier expresión incidental (*dictum*), o generalidad que fuera de esto pueda hallarse en casos donde la acción subsiguiente no procedía, o no había sido seguida hasta el pronunciamiento de la sentencia, o donde las dos acciones se seguían contra diferentes demandados, debía interpretarse en relación con los hechos entonces bajo consideración y aplicarse con cautela, si acaso, a casos que no estaban en la mente de la corte. *Friederichsen* v. *Renard,* 247 U. S. 207. La serie de autoridades citada en primer

término, si así se les considera, no son decisivas en cuanto a la cuestión sometida ahora a nuestra consideración.

"A lo sumo," como se ha indicado en el caso de *Friederichsen* v. *Renard, supra,* "esta doctrina de elección de remedios es fuerte y en su mayor parte ahora una regla anticuada." Y aun en el primero de los dos párrafos citados en orden inverso por el apelante, de Ruling Case Law, *supra,* se dice que:

"La regla más razonable es que el mero establecimiento de una acción que ha sido declarada sin lugar antes de dictarse sentencia, en la cual no ha surgido ningún elemento de impedimento por razón de la conducta de quien la establece (*estoppel in pais*), ó sea, cuando no se ha obtenido ninguna ventaja ni ocasionado detrimento alguno, no es una elección."

También en lo que respecta a una acción en ley, y un pleito en equidad, encontramos por lo menos que:

"Hablando en términos generales, para que equivalga a una elección, el demandante debe haber seguido una de sus acciones hasta sentencia final o decreto que no haya sido alterado en apelación; y si el demandante ha obtenido una sentencia en ley, puede ser requerido a continuar en ley o proseguir en equidad." 9 R.C.L. 965, Sec. 11.

Aun en el caso de remedios concurrentes coexistentes, a menudo se ha resuelto que cuando se obtiene todo lo pedido en un procedimiento, esto es un impedimento para continuar con el otro; y no podemos ver por qué el mismo principio no debe ser aplicado *a fortiori,* cuando uno de dos remedios inconsistentes ha sido seguido hasta sentencia definitiva, con el debido pronunciamiento en ésta para la expedición de un mandamiento de ejecución y el demandante sólo tiene que trabar embargo en la propiedad del demandado solvente para obtener entero cumplimiento de tal sentencia.

Si el extracto de 9 R.C.L. 960, sec. 6, citado luego en la parte que se transcribe del alegato, *supra,* expone la ley correctamente, es algo más aplicable. Sin embargo, los casos citados en la nota final dejan mucho que desear para soste-

ner la proposición de que una sentencia que no se ha hecho cumplir, o que no ha sido ejecutada, dictada en una acción subsiguiente no puede ser alegada como impedimento de la más remota acción inconsistente al celebrarse luego el juicio.

Entre los casos citados en la nota al caso de *Mezell Live Stock Co. v. McCrosky, Ann. Cases* 1913d, 1197, los que son más favorables a la contención del apelante son los de *Moller v. Tuska* (9 Daly 207), 87 N. Y. 167, y *Schoeneman v. Chamberlain*, 55 App. Div. 351.

El apelante no discute estos casos en absoluto, ni tampoco el abogado del apelado en cuanto a esto. Por tanto, será bastante con decir que los hemos examinado, así como algunos otros que no han sido citados por ninguna de las partes.

En el caso de *Gandía v. Trías et al., supra,* la corte de distrito ordenó la destitución de Trías como liquidador y dictó sentencia a favor del demandante y contra Stubbe por unos $27,000. Esa sentencia fué revocada por esta Corte en apelación, pero la sentencia dictada en su lugar, fué en conjunto favorable a Gandía y adversa a Stubbe. Adjudicaba al demandante unos $8,000 de la cantidad que reclamaba, y cancelaba ciertos asientos hechos en los libros de la sociedad por Trías, traspasando ciertos fondos o propiedad a Stubbe, y dejaba en suspenso otras partidas pendientes y sujetas a una liquidación por Trías. La expedición de un mandamiento de ejecución inmediatamente de recibida esa sentencia en la corte de distrito también se autorizaba expresamente.

En la fecha del juicio en este caso, la sentencia de esta corte en el de *Gandía v. The Porto Rico Fertilizer Co.* que revocaba la de la corte de distrito y dictada asimismo a favor de Gandía, había sido, a su vez revocada por la Corte de Circuito de Apelaciones y el resultado final, si no ha sido ya anunciado formalmente por esta corte, fué para todos los fines y propósitos prácticos una conclusión hecha de antemano y por necesidad también favorable al demandante.

No se manifestó en ningún momento en la corte inferior, ni en esta corte, que el demandante intentaba o deseaba renunciar o abandonar las ventajas y beneficios así obtenidos por él, ni que ninguno de dichos pleitos era indefinido o ilusorio, o un remedio equivocado. Por el contrario, según ya hemos indicado, el apelante parece estar inclinado aún en este estado de los procedimientos, a insistir en que las dos acciones subsiguientes en realidad no eran inconsistentes con la primera.

No sabemos de ningún caso en que haya llegado a declararse por los hechos realmente ante la corte que el demandante que ha obtenido dos sentencias substanciales en dos acciones separadas y subsiguientes que se admite son inconsistentes con la primera, siendo una de ellas contra el demandado en el pleito original, pueda luego, sin renuncia o abandono de sus derechos bajo tales sentencias y mientras insiste paladinamente en ellas, seguir adelante hasta una resolución final, el pleito establecido primeramente,—y que esto puede hacerse simple y únicamente porque, estando pendiente un juicio sobre los méritos de dicha primera acción, el demandante se ha abstenido de pedir al secretario un mandamiento de ejecución ya autorizado, y de entregar el mismo al márshal. Ni tampoco estaríamos inclinados a observar tal decisión al ser dictada, a no ser que resulte obligatoria para nosotros por la naturaleza de su origen, o esté sostenida por algo que sea mucho más persuasivo como argumento, que algo que hasta ahora haya venido a nuestra consideración.

En *Brockhaus* v. *Rose,* et al., 221 Pac. 29, 31, la Corte Suprema de Oklahoma dijo lo siguiente:

"(2) Y aunque existe un conflicto de autoridades sobre qué es lo que constituye una elección, creemos que el peso de las autoridades y la mejor regla es, que la elección se hace al establecerse una acción y es final, a menos que se retire dentro de un término razonable, y. cuando existen dos o más pleitos establecidos, el primer re-

medio que se sigue hasta la resolución final y la sentencia es un impedimento, e impide la continuación del otro pleito.''

Si está o nó sostenida la regla como ha sido enunciada por un gran peso de las autoridades no es cuestión de importancia vital para los fines de esta opinión. En tanto se trata de una segunda acción inconsistente contra el mismo demandado, cuando esa acción se ha seguido hasta sentencia y autorizado la expedición de un mandamiento de ejecución, creemos que el pensamiento expresado algo ampliamente, por no decir indeterminada e incorrectamente se acerca más al principio fundamental en que descansa la doctrina de elección de remedios que mucho de lo que se ha dicho por las cortes respecto a una condición diferente de los hechos.

Ese principio según lo entendemos ha sido eficazmente expresado al menos por una corte, o tal vez por el editor de alguna nota en forma de aforismo tomado del código Draconiano, a saber: ''Usted no puede comerse la torta y tenerla todavía.'' La ley dice al demandante, usted no puede hacer una elección final entre dos remedios inconsistentes y retener su opción. Cuando Ud. ha seguido tal remedio hasta su terminación, o proseguido con él hasta un punto donde la equidad y la conciencia requieren que se considere que usted ha hecho una elección final, entonces Ud. ha renunciado su derecho al otro remedio.

A falta de cualesquiera precedentes locales, y en tanto estamos libres para elegir, al establecer la regla que ha de regular en esta jurisdicción, no estamos dispuestos a adoptar los aspectos más drásticos de la doctrina que ahora se considera, como aparecen en los casos resueltos. De paso podemos referirnos, sin embargo, a los casos de *Kendall* v. *Stokes,* 3 How. 86, 99; *American Process Co.* v. *The Florida White Pressed Brick Co.,* 47 So. 942; *Wile* v. *Brownstein,* 35 Hun. 68; *McClendor Bros.* v. *Finch,* 58 So. 690; y 9 R.C.L. 965, Sec. 12.

· Se nos ha ocurrido que probablemente podrían hallarse
en los autos hechos y circunstancias que demuestren un caso
más fuerte para el apelante de cómo consta del alegato;
pero no disponemos de tiempo para escudriñar en este sen-
tido. Por otra parte, si fuéramos a tomar conocimiento ju-
dicial de toda la historia de esta controversia estaríamos
inducidos a sugerir, tal vez, que pueden surgir casos en los
cuales a las cortes mismas, así como a los demandados, deba
considerárseles con ciertos derechos que han de ser respe-
tados por los litigantes. En relación con esto procede agre-
gar, sin embargo, que el abogado que aquí representa ahora
al apelante ha comparecido por primera vez en este caso en
esta apelación.

En nuestra consideración de este aspecto del caso hemos
limitado expresamente la discusión a la· cuestión como ha
sido presentada y a los hechos como han sido expuestos o
admitidos por las partes en sus alegatos. No hemos entrado
en un estudio minucioso de los autos en busca de fechas e
informes no mencionados ni citados por el apelante.

También puede haber algún motivo para duda o discu-
sión como ha sugerido el apelante, respecto a si los últimos
casos eran o nó en realidad inconsistentes con el primero.
Pero no es bastante con sugerir una duda en este sentido,
o acerca de cualquiera otra proposición en la cual se fundó
la sentencia en la corte inferior.

Esta corte ha indicado repetidas veces en años recientes ·
que no puede comprometerse a hacer una investigación in-
dependiente de las cuestiones indicadas que son más o me-
nos dudosas y que han sido ·insuficientemente desarrolladas
en el alegato del apelante.

Por razones semejantes al segundo razonamiento en el
señalamiento de errores no requiere seria consideración y la
confirmación hubiera sido correcta y probable, aun cuando
se hubiera llegado a una conclusión diferente sobre el punto
presentado en primer término y alegado originalmente por·
el apelante como fundamento de revocación.

En la fecha del juicio no parece haberse presentado en realidad ninguna prueba, sino que una estipulación fué archivada en la cual se convenía que el caso podría ser resuelto por la transcripción taquigráfica de un juicio anterior en unión de las alegaciones, sentencias y documentos radicados en los dos pleitos subsiguientes. Toda esta prueba, según consta, se encontraba entonces en la oficina del Secretario de esta corte como parte de los autos en tres apelaciones diferentes establecidas contra las sentencias dictadas en ésta y en las dos acciones subsiguientes.

Los autos en la presente apelación están constituidos por un volumen de documentos singularmente recopilados que comprenden unas 600 u 800 páginas en maquinilla sin un índice u otra guía adecuada de su contenido. Por consideraciones de justicia a otros litigantes no podríamos, si quisiéramos, hacernos cargo de investigar minuciosamente tales autos sin la ayuda de una sola referencia a ninguna página o parte de los mismos para determinar si las escuetas alegaciones hechas por el apelante en cuanto al resultado de la prueba en conjunto están o nó fundadas en los hechos.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.