PEDRO GANDÍA CÓRDOVA, demandante y apelante, *v.* JUAN D. STUBBE, demandado y apelado.

No. 4283.—*Visto:* Febrero 14, 1928. *Resuelto:* Febrero 21, 1928.

1. APELACIÓN Y ERROR—RÉCORDS Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—ENVÍO, RADICACIÓN, IMPRESIÓN Y SERVICIO DE COPIAS—OMISIÓN DE SERVIR COPIA AL APELADO—DESESTIMACIÓN DEL RECURSO.—La omisión de entregar copia de la transcripción de la evidencia al apelado en el incidente sobre memorándum de costas no es perjudicial ni da motivo para desestimar cuando el apelado acepta que conoce dicha transcripción.
2. COSTAS—FIJACIÓN O TASACIÓN—MEMORÁNDUM DE COSTAS—APELACIÓN—REVISIÓN—CUESTIONES PRESENTADAS PARA REVISIÓN EN GENERAL—CUANTÍA DE LOS HONORARIOS DE ABOGADO.—El que en otros casos similares se hayan concedido determinadas cantidades iguales o menores como honorarios de abogado no es motivo para rebajar la cuantía por tales honorarios concedido en un caso; cada caso ha de regirse por las circunstancias concurrentes en él.
3. COSTAS—FIJACIÓN O TASACIÓN—MEMORÁNDUM DE COSTAS—APELACIÓN—REVISIÓN—CUESTIONES DISCRECIONALES—AL FIJAR LA CUANTÍA DE LOS HONORARIOS.—Atendidas las circunstancias concurrentes en el caso de autos, *se resolvió* que ellas justificaban la valoración de $2,000 fijada para honorarios de abogado por la corte inferior.
4. COSTAS—FIJACIÓN O TASACIÓN—MEMORÁNDUM DE COSTAS—APELACIÓN—REVISIÓN—EN GENERAL—RESOLUCIÓN SOBRE PARTIDAS POR DESEMBOLSOS.—Tra-

tándose de una partida en el memorándum de costas por derechos pagados al taquígrafo por la transcripción de la evidencia, cuando tal transcripción fuere o de otro modo hubiere sido necesaria—al apelado en dicho incidente sobre el memorándum de costas—para que la evidencia fuera examinada en la apelación entablada contra la sentencia principal, la aprobación de dicha partida no constituye error.

RESOLUCIÓN de *Pablo Berga*, J. (San Juan), aprobando memorándum de costas. *Confirmada.*

*Juan B. Soto*, abogado del apelante; *Henry G. Molina*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Se ha interpuesto esta apelación por el demandante contra resolución de la corte inferior fijando la cuantía de las costas que han de ser pagadas por él, y al comenzar la vista de la apelación se nos pidió por el apelado que la desestimemos fundándose en que no le ha sido entregada por el apelante copia de la transcripción de la evidencia como dispone la Ley No. 81 de 26 de junio de 1919, página 677 de las de ese año.

[1] Este pleito vino antes a este tribunal en apelación interpuesta por el demandado, ahora apelado, y entonces fué hecha por el taquígrafo una transcripción de la evidencia. Resuelta por nosotros esa apelación fué celebrado un nuevo juicio en el que la misma transcripción de la evidencia fué sometida a la corte para fallar el pleito, por lo que la falta de cumplimiento por el apelante alegada para solicitar la desestimación de la apelación no resulta perjudicial para el apelado, quien en la vista aceptó que conoce la transcripción de la evidencia, cumpliéndose así el objeto que la ley se propone con esa notificación, por cuyas circunstancias no desestimaremos la apelación.

[2, 3] Confirmada por nosotros en la segunda apelación la sentencia de la corte de distrito que declaró sin lugar la demanda, con costas, (34 D.P.R. 858), la parte victoriosa presentó el memorándum de ellas conteniendo las siguientes partidas: por honorarios del secretario, $5; por los del abogado, $10,000; por transcripción de la evidencia en la

primera apelación, $175, y por sellos de rentas internas, $30; total, $10,210. Este memorándum, menos en la partida de $5, fué impugnado por el demandante y después de celebrada una vista de este asunto en la que fué presentada prueba, la corte inferior fijó en $2,000 los honorarios de abogado, y aprobando las otras partidas determinó la cantidad de $2,210 como el montante total de las costas que deben ser pagadas, siendo ésta la resolución objeto de esta apelación, que ha sido limitada a la partida de honorarios de abogado y a la de $175 por transcripción de la evidencia, por lo que los motivos de error alegados se refieren a esas dos partidas, diciéndose en cuanto a la primera que la corte inferior cometió error al fijar en $2,000 los honorarios de abogado porque en otros pleitos relacionados con el presente, pero de más importancia se fijaron tales honorarios en cantidades inferiores a $1,000, cantidad ésta que el apelante entiende sería razonable en este caso.

El hecho de que en otros casos similares se hayan concedido como honorarios de abogado cantidades de $1,000 ó inferiores a ellas no es por sí solo motivo para que necesariamente hayamos de rebajar la cuantía concedida por la corte inferior en este caso por honorarios de abogado pues cada caso ha de regirse por las circunstancias concurrentes en él; y apareciendo de las pruebas que el pleito comenzó por una muy extensa demanda, que después fué enmendada, en la que se solicitó se decretase la nulidad de una escritura otorgada por las partes en este pleito el 24 de julio de 1916 como únicos socios de la mercantil Gandía & Stubbe, sobre devolución y liquidación de esa sociedad y distribución de su capital inventariado ascendente a $154,120.55, alegándose como motivos de la nulidad, entre otros, que por la confianza que tenía el demandante Gandía en Stubbe y en su tenedor de libros examinó superficialmente el inventario de la sociedad y la escritura: que de las 250 acciones de la sociedad Porto Rico Fertilizer Co. incluidas en el inventario como de Gandía y Stubbe, 60 de ellas, con un valor de

$6,000 son propiedad particular del demandante; que el ba-
lance dicho fué alterado por simulaciones artificiosas del de-
mandado en perjuicio del demandante: que con motivo de
la disolución de la sociedad se consignaron como saldo de
cuenta corriente $37,771.21, cuando debió ser de $66,983.98,
lo que indujo a error al demandante para su conformidad
a la partida de acreencias o deudas, que desconoce: que el
demandado se prevalió de ese artificio para hacer figurar
como pasivo deudas falsas por un total de $22,616.01, para
cuyo pago se adjudicaron al demandado bienes de la socie-
dad, perjudicando al demandante en $11,308: que se figuró
como deuda a los bancos la cantidad de $154.88 cuando la
sociedad tenía en ellos un haber de $6,685.21, que fueron
después substraídos sin conocimiento del demandante, per-
judicándole en $3,342.60: que en la escritura se hizo apare-
cer que Gandía y Stubbe era deudora de $10,090.05 en la
cuenta de dividendos de la Porto Rico Fertilizer Co. que
controlaba el demandado, cuando por el contrario Gandía y
Stubbe tenían un saldo a su favor de $10,104.40 por divi-
dendos que le correspondían, habiendo sido defraudado de
ese modo el demandante en $5,052.20: y que en el inventa-
rio se hizo figurar el valor de la finca Tras Miramar, adju-
dicada al demandado Stubbe en $1,000 cuando su valor es
de $12,104.86, lo que perjudicó al demandante en $5,552.43.
Otras alegaciones parecidas contiene la demanda pero las
expuestas son suficientes para decidir esta apelación.

Como esa demanda fué jurada el demandado contestó es-
pecíficamente, también bajo juramento, dichas alegaciones y
alegó como defensa que la acción de nulidad que se ejercita
en la demanda ha sido renunciada por el demandante por
haber ejecutado actos que implican necesariamente la vo-
luntad de renunciar a esa causa de nulidad, y alegó ciertos
hechos a tal fin para demostrar la existencia de otro pleito
del demandante para hacer cumplir los pactos de la escri-
tura expresada.

En la primera vista del pleito éste fué fallado en contra

del demandado: revocada la sentencia y celebrado otro juicio fué sostenida la expresada defensa y confirmada en apelación; y si bien es cierto que en ambos juicios el demandado no practicó prueba creemos que las imputaciones hechas en la demanda de nulidad son de tal importancia y cuantía que justifican la valoración de $2,000 fijada para honorarios de abogado por la corte inferior.

[4] En cuanto a la partida de $175 por derechos pagados al taquígrafo por la transcripción de la evidencia practicada en el primer juicio, si bien la corte inferior dijo equivocadamente en la resolución motivo de este recurso que no había sido impugnada por el demandante, de todos modos entendemos que era necesaria para el apelante porque aunque en la primera apelación fué revocada la sentencia por no haber sido suspendido el juicio como había solicitado el demandado, si así no hubiera sido resuelto le era necesaria la transcripción para que la evidencia fuese examinada en la apelación, y porque el segundo juicio fué celebrado sometiéndose la prueba por esa transcripción. *Finlay* v. *Fabián,* 25 D.P.R. 48 y 52.

Por las razones expuestas la resolución apelada *debe ser confirmada.*

OPINIÓN DISIDENTE DEL JUEZ PRESIDENTE SR. DEL TORO.

No creo que los honorarios deban fijarse en dos mil dólares. El apelante indica como razonable la suma de mil, y tiene razón, a mi juicio.

Fundo mi criterio en un estudio de las circunstancias concurrentes. Ellas constan de los autos y de las decisiones de esta Corte reportadas en 34 D.P.R. 858 y 29 D.P.R. 676. Todo el estudio tuvo que hacerse, en verdad, en otros casos que fueron resueltos a favor de Gandía. Este pleito se decidió simplemente por la doctrina de elección de remedios. El abogado no asistió al primer juicio y no hubo que practicar prueba en el segundo porque se aceptó como base la del primero.

Bajo esas circunstancias, repito, no me parece razonable la suma de dos mil dólares.