Rosa Julia Miranda, también conocida con el nombre de Lila Miranda, demandante y apelante, *v.* The Porto Rico Railway, Light & Power Co., demandada y apelada. La Misma, demandante y apelada, *v.* La Misma, demandada y apelante.

Núms. 7103 y 6893.—*Sometidos:* Mayo 28, 1936. *Resueltos:* Julio 16, 1936.

*Ismael Soldevila,* abogado de la demandante; *J. Henri Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez Gautier,* abogados de la demandada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En un pleito seguido por Rosa Julia Miranda contra The Porto Rico Railway, Light & Power Co. sobre daños y perjuicios se dictó sentencia en favor de la demandante con imposición de las costas a la demandada.

El 13 de mayo de 1934 radicó la demandante su memorándum por una suma total de $4,058 de la cual $4,000 se reclamaban por honorarios de abogado. Impugnó el memorándum la demandada. Se practicó evidencia y la corte finalmente en abril 2, 1934, ordenó el pago de $2,053.75.

No conformes ambas partes, apelaron. Sus apelaciones se tramitaron separadamente, pero se vieron el mismo día. Serán estudiadas en esta sola opinión.

Señala la demandada en su alegato cinco errores. cometidos a su juicio por la corte de distrito al conceder los cuarenta dólares reclamados por honorarios del taquígrafo, al resolver que la demandante tenía derecho al cobro de honorarios de abogado, al fijar el valor de dichos honorarios en dos mil dólares, al no tomar en consideración el contrato existente entre la demandante y sus abogados por virtud del cual correspondía el cincuenta por ciento de la reclamación

a los abogados y al no dar aplicación al artículo 327 del Código de Enjuiciamiento Civil y a la jurisprudencia de esta corte interpretativa del mismo. A su vez la parte demandante sostiene que la corte erró al no admitir cierta prueba y al no fijar los honorarios de abogado en cuatro mil dólares.

El pleito original dentro del cual se presentó el memorándum fué fallado por la Corte de Distrito de San Juan en agosto 9, 1920 declarando la demanda con lugar. Apelada la sentencia, fué revocada por esta Corte Suprema en abril 17, 1923, concediéndose al demandante permiso para enmendar su demanda, devolviéndose el caso para ulteriores procedimientos no incompatibles con la opinión. 31 D.P.R. 778, 788. Enmendada la demanda y seguido el litigio de acuerdo con la ley volvió la corte de distrito a dictar sentencia favorable a la demandante en febrero 20, 1928. Apelada dicha sentencia, fué confirmada por esta Corte Suprema en julio 24, 1931. 42 D.P.R. 719, 751.

Expuestos esos antecedentes, procederemos a considerar en sus méritos las cuestiones levantadas.

■ Sostiene la demandada apelante que habiéndose expedido a los efectos de la primera apelación la transcripción taquigráfica por la cual pagó la demandante los cuarenta dólares que reclama, no tiene derecho a pedir que se le reintegre el gasto en que incurriera. Y alega la demandante que si bien ello es así, es lo cierto también que dicha transcripción fué usada para el segundo juicio.

La corte de distrito concedió la partida basándose en la jurisprudencia establecida por esta Corte Suprema en los casos de *López* v. *American R. R. Co. of P. R.*, 28 D.P.R. 266; *Cortés & Segura* v. *Cortés,* 43 D.P.R. 475; *Gandía* v. *Stubbe,* 37 D.P.R. 767; y *Finlay* v. *Fabián,* 25 D.P.R. 48, y actuó con razón a nuestro juicio.

■ Los otros errores guardan todos relación con los honorarios de abogado. Los honorarios se concedieron por la sentencia y la sentencia fué íntegramente confirmada por esta Corte Suprema. Dentro del procedimiento sobre fijación

de las costas concedidas, puede la corte ejercitar su discreción para juzgar la mayor o menor temeridad de la parte a los efectos de determinar la cuantía, pero no tiene facultad para alterar el pronunciamiento de la sentencia firme. Las cuestiones fundamentales que la demandada apelante ahora levanta debió suscitarlas en la apelación contra la sentencia.

■ El pleito fué importante y el trabajo de los abogados largo y serio. Una mera ojeada a las decisiones de esta corte que lo estudian y a la transcripción de los autos, así lo demuestra. No creemos que la corte, bajo las circunstancias concurrentes, abusara de su discreción al fijar la suma que fijara.

Lo dicho dispone del recurso de apelción interpuesto por la demandada. Debe declararse sin lugar. También debe ser declarado sin lugar el establecido por la demandante.

■ La no admisión de la evidencia a que se refiere el primer señalamiento—declaración de uno de sus abogados sobre trabajos en el primer juicio—no le ocasionó perjuicio alguno porque la corte finalmente tomó en consideración dicho trabajo basándose en lo resuelto en el caso de *Senior* v. *Anderson*, 130 Cal. 290, 299, a saber:

"En cuanto a la responsabilidad de la parte finalmente vencida por las costas de juicios anteriores, hasta donde las mismas sean legítimas y propiamente fijadas, puede decirse, para gobierno de la corte al celebrarse un nuevo juicio, que la parte perdidosa es la responsable. Sobre este punto véase Stoddard v. Treadwell, 29 Cal. 281, y los casos allí citados. En Shreve v. Cheesman, 69 Fed. Rep. 789, se dijo que el estatuto de Colorado que dispone que 'la parte victoriosa recobrará sus costas que serán fijadas,' la autoriza a recobrar todas sus costas en la acción, incluyendo aquéllas de un 'mistrial' anterior, así como también las del último juicio. (Citando numerosos casos de otros estados.)"

De la cuantía de los honorarios de abogado fijada por la corte, atendidas todas las circunstancias concurrentes, no creemos que pueda quejarse en justicia la demandante.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.