JAIME JOSÉ, LUZ, ESTELA, MARÍA PETRA, LEOPOLDO JOSÉ, ARTURO y LUISA VÁZQUEZ, demandantes y apelantes, *v.* CIPRIANO SANTOS LANCHAS y GABRIEL MARTÍN SÁNCHEZ y MANUELA MORO DE MARTÍN, demandados y apelados.

No. 4219.—*Sometido:* Dic. 10, 1928. *Resuelto:* Julio 26, 1929.

*J. E. Vazquez Prada,* por sí personalmente y a nombre de los demás apelantes; *José* y *Manuel A. Martínez Alvarez,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

La corte inferior declaró con lugar dos excepciones previas y dictó sentencia desestimando la demanda. Dos de las cuestiones levantadas envuelven la suficiencia de los hechos alegados en dos distintas causas de acción. La primera de ellas,. según se expone en la demanda, es en síntesis, como sigue:

Que los demandantes son los únicos y universales herederos de doña Luisa López Laborde, quien falleció *ab intestato* el 26 de julio de 1918; que el 30 de marzo de 1916, doña Luisa López Laborde, por sí y en representación de algunos de sus hijos, y en unión de los demás, constituyó hipoteca voluntaria sobre cierta finca que se describe en la demanda, a favor de Cipriano Santos Lanchas, para responder de la suma de.$8,400 de capital y $1,150 de intereses, costas y honorarios de abogado; que al tiempo de constituirse la relacionada hipoteca, solamente habían recibido los hipotecantes una parte del capital asegurado con el gravamen, quedando obligado el acreedor Cipriano Santos a verificar la liquidación correspondiente para determinar la cantidad realmente adeudada,

liquidación que nunca fué hecha voluntariamente por dicho Señor Santos; que el 11 de noviembre de 1916, el demandado Cipriano Santos entabló un procedimiento ejecutivo sumario contra dicha Luisa López Laborde y los aquí demandantes, reclamando de ellos la cantidad de $8,400 que afirmó haberles entregado y que le adeudaban en aquel momento, siendo lo cierto que la cantidad entregada a y adeudada por los demandados era la de $4,247.28; que dictada providencia de remate en dicho procedimiento ejecutivo hipotecario por la cantidad de $8,400, se vendió la finca por el márshal, adjudicándosele al ejecutante Cipriano Santos en pago de su crédito, y dándosele posesión de ella el 28 de febrero de 1917, en la cual posesión continúa; y que desde que el demandado Santos tomó posesión del inmueble, éste ha producido una renta de $150 mensuales, que ha percibido dicho Señor Santos; y alegan los demandantes que si el inmueble hubiese estado en posesión de ellos, esa renta hubiese ascendido a $200 mensuales.

Como segunda causa de acción, y después de hacer referencia expresa a, y de adoptar, las alegaciones anteriores, los demandantes alegaron: que para obtener la liquidación, iniciaron, el día 10 de octubre de 1916, una demanda contra Cipriano Santos; y que en 4 de abril de 1924 obtuvieron sentencia a su favor por la suma de $152.72, que fué confirmada por el Tribunal Supremo de Puerto Rico en mayo 29, 1925; y que los demandados Gabriel Martín Sánchez y Manuela Moro de Martín tenían conocimiento de esta acción y del hecho de que el otro demandado Cipriano Santos no había liquidado el capital de la hipoteca, y que a pesar de tal conocimiento, compraron o aparentaron comprar dicha finca al demandado Cipriano Santos el 17 de enero de 1923, por escritura que fué inscrita en el Registro de la Propiedad.

La demanda termina solicitando que el procedimiento ejecutivo mencionado en la primera causa de acción fuera declarado nulo y sin valor alguno, y que se declarara que la compraventa objeto de la segunda causa de acción fué simu-

lada; y que se restituya a los demandantes la posesión de la propiedad descrita en la demanda, condenándose a Santos a pagarles, como frutos de dicho inmueble producidos durante la posesión del mismo por dicho Santos, la suma de $150 mensuales, más las costas, desembolsos y honorarios de abogado.

 Nos parece la más importante la excepción de falta de hechos suficientes para determinar causa de acción.

Los demandantes han alegado que Cipriano Santos Lanchas se hallaba obligado a liquidar para determinar la cantidad realmente adeudada, y no lo hizo. Pero, al mismo tiempo han alegado que instituyeron una acción contra Santos, sobre diferencia entre la cantidad realmente entregada como préstamo y la que se debió entregar, y que en esa acción recayó sentencia firme, condenando al demandado a pagar a los demandantes $152.72, y esa acción fué iniciada antes de que Santos instituyera su procedimiento ejecutivo hipotecario. Y si la sentencia en aquel caso se cumplió, y ésa es la presunción, los demandantes no han sufrido perjuicio alguno.

En los párrafos noveno y décimo del artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria, se lee:

"Todas las demás reclamaciones que puedan formular, así el deudor como los terceros poseedores y los demás interesados, incluso las que versaren sobre nulidad del título o de las actuaciones, o sobre vencimiento, certeza, extinción o cuantía de la deuda, se ventilarán en el juicio plenario que corresponda, sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo. La competencia para conocer de este juicio declarativo se determinará por las reglas ordinarias.

"Al tiempo de interponer la demanda, según el párrafo precedente, o durante el curso del pleito, podrá solicitarse que se asegure la efectividad de la sentencia, con retención del todo o una parte de la cantidad que por el procedimiento ejecutivo deba entregarse al ejecutante. El juez decretará esta retención en vista de los documentos que se presenten, si estima bastantes las razones que se aleguen. Si

el ejecutante afianza a satisfacción del juez la cantidad que estuviese mandada retener a las resultas del juicio declarativo, se alzará la retención. Si el que solicitare esta medida no tuviere solvencia notoria y suficiente, el juez deberá exigirle previa y bastante garantía para responder de los intereses de demora y del resarcimiento de cualesquiera otros daños y perjuicios que puedan ocasionarse al acreedor.''

La redacción del artículo no deja lugar a graves dudas. Los casos de nulidad son los nacidos de causas que afectan al título en sí, o a las actuaciones, y la ley los diferencia de aquellos en que se discute la certeza de la deuda, o su cuantía. Parece que la razón elemental de esto se encuentra en la misma doctrina que informa el artículo 1233 del Código Civil, que no da al error de cuenta el efecto de invalidar el contrato, sino el de exigir una corrección.

Los apelantes encontraron que la cantidad por la que aparecía constituído el gravamen no era la justa; reclamaron judicialmente, y se les concedió por sentencia lo que faltaba para el total justo y exacto. Ellos hubieran podido discutir la cuantía de la deuda en un juicio ordinario, y asegurar el cumplimiento de la sentencia. Adelantaron su reclamación con referencia a la cuantía.

Si la diferencia de cuantía pudiera ser motivo de nulidad, de todas formas aparece que los aquí apelantes, para solucionar la diferencia en cuantía eligieron la acción ejercitada, y en la que se les concedió una suma a tal fin. Ellos se encuentran impedidos de ejercitar otra acción por la misma causa.

En el caso *Gandía* v. *Stubbe,* 34 D.P.R. 858, y tratando de la elección de remedios ha dicho este tribunal:

''Aun en el caso de remedios concurrentes coexistentes, a menudo se ha resuelto que cuando se obtiene todo lo pedido en un procedimiento, esto es un impedimento para continuar con el otro; y no podemos ver por qué el mismo principio no debe ser aplicado *a fortiori,* cuando uno de dos remedios inconsistentes ha sido seguido hasta sentencia definitiva, con el debido pronunciamiento en ésta para la expedición de un mandamiento de ejecución y el demandante sólo

tiene que trabar embargo en la propiedad del demandado solvente para obtener entero cumplimiento de tal sentencia."

Cítase en la opinión de que hacemos mérito la decisión en *Brockhaus* v. *Rose*, 221 Pac. 29, que es de interés en la materia.

Se ha argumentado, en este caso, acerca de la decisión de este mismo tribunal en *Polanco* v. *Goffinet et al.*, 29 D.P.R. 120. Pero hay notable diferencia entre ese caso y el presente. En el caso *Polanco* v. *Goffinet* se había alegado en la demanda, o escrito inicial del procedimiento ejecutivo hipotecario que el saldo reclamado había sido previamente liquidado de conformidad con el deudor; el contrato era uno en que se facilitaban a Polanco en tiempo y ocasiones determinadas, anticipos y sumas que él tenía que pagar en cierta forma, y que requerían liquidaciones diversas; había, en el fondo, un contrato de refacción, en el que, para que surgiera la hipoteca, era necesaria la liquidación que exige la ley, y que no se hizo, aunque se alegó como hecha; en el escrito inicial del procedimiento no se había cumplido con los requisitos legales en lo que concierne a señalamiento categórico de cantidades ciertas cobradas al deudor a cuenta de capital o en concepto de intereses. En verdad, había un conjunto de causas, que pudieron producir la nulidad, y las que no se dan en el caso presente, en donde la diferencia que pudo existir ha sido solucionada por una sentencia firme y final.

Los apelantes no nos han convencido de que sus alegaciones sean suficientes para privar a los compradores de la finca de la protección que la ley da al tercero que compra conforme a lo que aparece del registro de la propiedad.

No hay necesidad de considerar otros extremos, ya que con lo expresado es suficiente para la confirmación de la sentencia.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Hutchison disintió.*

---

* Véase el prefacio.