# 98 DTA 165

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN - III

EX-PARTE

NU SKIN INTERNATIONAL
Recurrente

Núm. KLRA-98-00038

San Juan, Puerto Rico, a 14 de abril de 1998

Panel integrado por su Presidenta, Jueza Ramos Buonomo
y los Jueces González Román y Córdova Arone

González Román, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El recurrente, Nu Skin International, Inc. (Nu Skin), solicita la revocación de la resolución emitida por el Departamento de Estado de Puerto Rico (el Departamento), el 17 de octubre de 1997. En dicha resolución el Departamento declaró sin lugar la solicitud para registrar la marca *"CEREGEN"* a favor de Nu Skin, por estar la misma registrada a favor de Ulrici Medicine Company of Puerto Rico, Inc. (Ulrici).

Por los fundamentos que pasamos a exponer denegamos el recurso solicitado.

## I

Nu Skin presentó en el Registro de Marcas del Departamento de Estado de Puerto Rico (el Registro) una solicitud para registrar la marca de fábrica *"CEREGEN"* en la clasificación internacional número tres, la cual corresponde a cosméticos y preparaciones para la limpieza corporal. El Registro emitió una resolución en la cual declaró sin lugar la solicitud de registro de la marca *"CEREGEN"* a favor de Nu Skin por estar dicha marca registrada a favor de Ulrici en la clase internacional seis. **[1]** Registrar un nombre idéntico a uno previamente registrado causaría confusión en la mente del consumidor sobre la procedencia, calidad y dueño de las marcas; y esa situación, precisamente, es la que pretende evitar la Ley de Marcas del Estado Libre Asociado de Puerto Rico (la Ley de Marcas), Ley Núm. 63 de 14 de agosto de 1991, 10 L.P.R.A. sec. 171, *et seq.*

No conforme, Nu Skin presentó en el Departamento una solicitud de reconsideración, la cual fue rechazada de plano. Inconforme, Nu Skin solicita la revocación de dicha resolución alegando que el Departamento cometió error al determinar que el registro de la marca *"CEREGEN"* podría causar confusión con la marca ya registrada por Ulrici, sin que, alegadamente, tomara en consideración que el registro solicitado se hace bajo una clasificación diferente a la de la marca ya registrada.

## II

El Art. 2 de la Ley de Marcas, *supra*, establece que el término *"marca" comprende "todo signo o medio que sirva para distinguir en el mercado productos o servicios de una persona de productos o servicios de otra persona. El término incluye cualquier marca de fábrica, servicio, certificación y colectiva"*. El Tribunal Supremo ha dicho que una marca es un símbolo mediante el cual el comerciante identifica sus productos; su función principal es diferenciar. *Colgate-Palmolive v. Mistolín,* 117 D.P.R. 313, 321 (1986).

El Art. 5(a)(7) de la Ley de Marcas, *supra*, dispone que no se puede registrar *"una marca que sea idéntica a otra marca ya inscrita o conocida, que pertenezca a otro y que se use en productos o servicios de las mismas propiedades descriptivas o que tanto se asemeje a la marca perteneciente a otro, que sea muy probable que ocasione confusión o equivocación en la mente del público o de lugar a engaño de los compradores"*. En el caso ante nos, Nu Skin pretende registrar la marca *"CEREGEN"*, la cual está registrada en el Departamento a nombre de Ulrici. Por tanto, es imposible que Nu Skin registre la marca *"CEREGEN"* como suya.

La Ley de Marcas, *supra*, se creó con el propósito de impedir la confusión entre dos marcas iguales o similares, pertenecientes a diferentes dueños, de suerte que, no tan sólo se evite una competencia desleal hacia el primer usuario de una marca, sino también se proteja de engaño al público consumidor; esto es, que éste pueda distinguir eficientemente entre un sinnúmero de productos o servicios similares. Cuando un comprador prudente y razonable puede comprar un producto bajo la creencia que está comprando otro producto, existe la probabilidad de confusión. *Posadas de Puerto Rico v. Sand's Hotel & Casino Inc.*, ___ D.P.R. ___ (1992), **92 J.T.S. 89,** a la pág. 9674. En el caso de autos, el Departamento no le permitió a Nu Skin registrar la marca *"CEREGEN"* como suya porque *Ulciri* ya la tenía registrada. El Departamento, en todo momento, trata de evitar la confusión del consumidor, a tenor con la Ley de Marcas, *supra*. Por tanto, el Departamento actuó correctamente al no permitirle registrar la marca *"CEREGEN"* a Nu Skin.

La función revisora de los tribunales respecto a las determinaciones de los organismos administrativos es una de carácter limitado. Las decisiones de los organismos administrativos merecen deferencia de los tribunales, si las mismas están sostenidas por evidencia sustancial. Sec. 4.5 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme (L.P.A.U). Esta norma descansa en el hecho de que las agencias administrativas cuentan con experiencia y conocimientos altamente especializados sobre los asuntos que se encuentran dentro del ámbito de sus particulares encomiendas. *La Facultad para las Ciencias Sociales v. C.E.S.*, ___ D.P.R. ___ (1993), **93 J.T.S. 88,** a la pág. 10783; *Asociación de Doctores v. Morales*, ___ D.P.R. ___ (1993), **93 J.T.S 12,** a la pág. 10349.

El Tribunal Supremo ha reconocido que el grado de especialización de las agencias justifica que se sostengan en principio sus determinaciones y que éstas no pueden ser variadas, sino cuando exista arbitrariedad, ilegalidad o irrazonabilidad de parte de la agencia, o cuando su determinación no se

sostenga a la luz de prueba sustancial existente en la totalidad del récord. *Misión Industrial v. Junta de Planificación*, ___ D.P.R. ___ (1997), **97 J.T.S. 33**, a la pág. 728. De igual manera el Tribunal Supremo expresó, en *Murphy Bernabe v. Tribunal Superior*, 103 D.P.R. 392 (1975), a la pág. 699, que las conclusiones e interpretaciones de los organismos administrativos merecen gran consideración y respeto y que su revisión judicial se limita a determinar si la agencia actuó arbitraria o ilegalmente o en forma tan irrazonable que su actuación constituyó un abuso de discreción. En *Vélez v. C.E.E.*, ___ D.P.R. ___ (1995), **95 J.T.S. 121**, a la pág. 66, señaló, además, que los tribunales deben darle gran peso a las aplicaciones e interpretaciones de las agencias con respecto a las leyes y reglamentos que administran. En el caso que nos ocupa, no se ha demostrado arbitrariedad ni abuso de discreción.

Por ello, los tribunales deben limitarse a determinar si la agencia actuó arbitraria o ilegalmente o en forma tan irrazonable que su actuación constituyó un abuso de discreción. *Fuertes v. A.R.P.E.*, ___ D.P.R. ___ (1993), **93 J.T.S. 165**, a la pág. 11383; *Murphy Bernabé v. Tribunal Superior, supra*, a la pág. 699.

Por considerar que fueron acertadas las conclusiones del Departamento y en ausencia de arbitrariedad, irrazonabilidad o ilegalidad, se deniega la expedición del recurso de revisión solicitado.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 98 DTA 165**

**1.** Preparaciones químicas, médicas y farmacéuticas.